IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANTWON WHITTEN, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 7:19-cv-00728 |
| | ) |
| v. | ) **ORDER** |
| | ) |
| J. G. JOHNSON, | ) By: Hon. Thomas T. Cullen |
| | ) United States District Judge |
| Defendant. | ) |

Plaintiff Antwon Whitten, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil action under 42 U.S.C. § 1983 against Defendant J. G. Johnson, asserting claims of excessive force and retaliation. On November 17, 2022, the court conducted an evidentiary hearing on Whitten's second motion for spoliation sanctions and a bench trial on the merits of Whitten's claims against Johnson. Based on the evidence presented, the court denied the spoliation motion and entered judgment in favor of Johnson on March 13, 2023. The case is now before the court on Whitten's motion for copies of transcripts and other court records. (ECF No. 134.) Whitten asserts that the documents are "essential for [his] appeal." (*Id.* at 5.)

Ordinarily, court reporters charge and collect fees for transcripts requested by the parties. *See* 28 U.S.C. § 753(f). When a litigant is permitted to proceed *in forma pauperis* on appeal, the transcript fees may be paid by the United States "if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." *Id.* "It is well settled in this Circuit that an indigent prisoner has no right to a transcript at Government expense merely to conduct a fishing expedition in an effort to find some flaw for appeal." *United States v. Haskins*, 704 F. App'x 250, 251 (4th Cir. 2017) (citing *Jones v. Superintendent, Va.*

*State Farm*, 460 F.2d 150, 152 (4th Cir. 1972)). Likewise, indigent litigants are "not entitled to free copies 'merely to comb the record in the hope of discovering some flaw.'" *United States v. Montgomery*, 806 F. App'x 187, 188 (4th Cir. 2020) (quoting *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963)). Instead, they must demonstrate "a particularized need for the documents." *Id.* Simply asserting that copies of transcripts or other court records are necessary "for appeal purposes" is insufficient. *Gholson v. Trent*, No. 94-6216, 1995 WL 8876, at *3 (4th Cir. Jan. 11, 1995).

Here, as in *Gholson*, Whitten merely asserts that he needs the transcripts and other court records to pursue his appeal. Because he has not identified a particularized need for the documents or shown that the appeal presents a substantial question, his motion for copies of transcripts and other court records (ECF No. 134) is **DENIED** without prejudice.

The Clerk is directed to send a copy of this Order to the parties.

**ENTERED** this 5th day of May, 2023.

>  */s/ Thomas T. Cullen*
>  HON. THOMAS T. CULLEN
>  UNITED STATES DISTRICT JUDGE